## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARK PATTERSON** | § | **CIVIL ACTION NO.** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VERSUS | § | **SECTION:** |
| | § | |
| **MARSHALL MCDERMITT, individually;** | § | **JUDGE:** |
| **MURPHY PAUL, JR., in his official capacity;** | § | |
| **BATON ROUGE POLICE DEPARMENT,** | § | |
| **Through the CITY OF BATON ROUGE** | § | |
| | § | |
| **Defendants.** | § | **MAGISTRATE:** |

### PLAINTIFF'S COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff MARK PATTERSON, a person of full age of majority domiciled and residing in Walker, Livingston Parish, Louisiana, with respect represents:

### I.    INTRODUCTION

1.      This action is brought by MARK PATTERSON, a twenty-two-year-old student, to vindicate profound deprivations of his constitutional rights caused by police brutality.

2.      On April 7, 2019, Plaintiff, then 21 years old, was leaving a college town bar with his three (3) friends in Baton Rouge, Louisiana.

3.      After Plaintiff and his three friends exited the bar, without warning, several bouncers from Reggie's Bar started a fight with one of Plaintiff's friends, knocking him unconscious.

4.     Following the altercation, the bouncers retreated inside Reggie's Bar and called over a police officer, namely Defendant Officer Marshall McDermitt, who battered Mr. Patterson by punching him directly in the face no less than ten (10) times.

5.     The following is a photograph from a body cam showing Mr. Patterson's facial injuries as he was being held on the back of the police car shortly after the beating:



6.     In concert or conspiracy, Defendants then maliciously and baselessly caused Plaintiff to be prosecuted with the serious charges of battery on an officer, resisting an officer, and public intoxication, three (3) charges that were subsequently dismissed by the city prosecutor.

## II.     JURISDICTION, VENUE, AND NOTICE

7.     This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant

to 42 U.S.C. §§ 1981, 1983 and 42 U.S.C. § 1988. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201.

8.    This case is instituted in the United States District Court for the Middle District of Louisiana pursuant to 28 U.S.C. §1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

### III.    PARTIES

9.    At all times relevant hereto, Plaintiff Mark Patterson was a resident of the State of Louisiana and a citizen of the United States of America.

10.    At all times relevant hereto, Defendant MARSHALL MCDERMITT was a citizen of the United States and a resident of the State of Louisiana and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant City and/or the Baton Rouge Police Department. Defendant McDermitt is sued individually.

11.    At all times relevant hereto, Defendant MURPHY PAUL, JR. was a citizen of the United States and a resident of the State of Louisiana.  Defendant Murphy Paul is sued in his official capacity as the Chief of the Baton Rouge Police Department, employed by the Defendant City and/or the Baton Rouge Police Department, and was acting under color of state law.

12.    BATON ROUGE POLICE DEPARTMENT, through the CITY OF BATON ROUGE ("Defendant City"), is a municipal corporation and is the legal entity responsible

for itself and the Baton Rouge Police Department.  This defendant is also the employer of the individual defendants and is a proper entity to be sued under 42 U.S.C. § 1983.

13.    On information and belief, as the Chief of the Baton Rouge Police Department, Defendant Paul trained and supervised individual defendant McDermitt.

14.    Defendant City and Defendant Paul are properly sued directly under 42 U.S.C. § 1983 for their own and their delegated deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in the complained of constitutional and statutory violations and resulting injuries.

15.    The Defendant City is also properly sued under 42 U.S.C. § 1983 for the challenged delegated final decisions of Defendant Paul in his official capacity as the Chief of the Baton Rouge Department, and for those of any final delegated decision makers, with respect to the hereinafter challenged deliberately indifferent policies, decisions, widespread habits, customs, usages and practices.

### IV.    STATEMENT OF FACTS

16.    Plaintiff incorporates all of the preceding paragraphs, including the allegations and photographs in the Introduction as if they were fully set forth again at this point.

17.    At the time Defendant McDermitt approached Plaintiff, Plaintiff cooperated with Defendant McDermitt's orders to walk away from the bar.

18.     As can be seen plainly on the body cam footage and bystander videos, Defendant McDermitt pushed Plaintiff backwards from Reggie's Bar to the parking lot in between a row of cars.

19.     As Defendant McDermitt continued pushing Plaintiff, Plaintiff never once resisted or attempted to resist Defendant McDermitt's orders.

20.     As Defendant McDermitt's aggression escalated, suddenly and without warning, Defendant McDermitt tried to tackle Plaintiff and then began punching Plaintiff directly in the face no less than ten (10) different times.

21.     At all times material herein, Plaintiff never motioned towards Defendant McDermitt nor flexed a muscle during the entire beatdown. Indeed, Plaintiff was a defenseless individual at all material times herein.

22.     After Defendant McDermitt excessively beat Plaintiff, Plaintiff was flung on the trunk of a police car and given a towel to collect all of the blood streaming from his head and face.

23.     As a result of the beat down, Plaintiff suffered a deviated septum which will require facial plastic reconstructive surgery, as well as teeth repair.

24.     The extent and damage of Plaintiff's closed head injuries are not yet fully ascertained.

25.     In their angst to divert from liability for and cover up their viciously brutal attack on a defenseless young man, and/or, on information and belief, with knowledge that Plaintiff may file a complaint against them, Defendant officers and other officers next

conspired and/or acted in concert to have Plaintiff falsely charged and prosecuted for battery on an officer, resisting an officer, and public intoxication; all three charges ultimately being dismissed by the City Prosecutor.

26.    All of the above-described acts were done by the Defendants intentionally, knowingly, willfully, wantonly, maliciously and/or recklessly in disregard for Mr. Patterson's federally protected rights, and were done pursuant to the preexisting and ongoing deliberately indifferent official custom, practice, decision, policy, training, and supervision of the Defendant City and Defendant Paul acting under color of state law.

27.    With deliberate indifference to the rights of citizens to be free from excessive force by police, the Defendant City and Defendant Paul have ongoingly encouraged, tolerated, ratified, and acquiesced to a dangerous environment of police brutality by:

   a.  failing to conduct sufficient training or supervision with respect to the constitutional limitations on the use of force;

   b.  by failing to adequately punish unconstitutional uses of force;

   c.  by tolerating the use of unconstitutional force;

   d.  by ongoingly failing to properly or neutrally investigate citizen complaints of excessive force; and,

   e.  by tolerating, encouraging, and permitting collusive statements by involved officers in such situations.

28.    It is the longstanding widespread deliberately indifferent custom, habit, practice and/or policy of the Defendant City, Defendant Paul and the Baton Rouge Police Department to permit police officers to use excessive force against individuals when such use is unnecessary and unjustified, as well as to fail to supervise and to train deputies in the appropriate constitutional limits on the use of force, knowing that these members of law enforcement therefore pose a significant risk of injury to the public.

29.    Upon information and belief, before the battery made subject to the captioned litigation, McDermitt was suspended multiple days previously for inappropriate behavior as an Officer.

30.    Although McDermitt appealed the suspensions, the suspensions were upheld.

31.    With deliberate indifference to the rights of citizens to be free from malicious prosecution, the Defendant City and Defendant Paul have ongoingly encouraged, tolerated, ratified, and acquiesced to the malicious prosecution and cover up efforts by police officers by failing to investigate citizen complaints of police misconduct.

32.    It is the longstanding widespread custom, habit, practice and/or policy of the Defendant City, Defendant Paul and the Baton Rouge Police Department to find no fault with police conduct as long as any story is given by police, regardless of how incredible.

33.    As a direct and proximate result of the wrongful conduct of each of the Defendants, Plaintiff has been substantially injured. These injuries include, but are not

limited to, loss of constitutional and federal rights, physical injuries, impairments and disfigurement, great pain and emotional distress, and ongoing special damages for medically/psychologically related treatment caused by the unconstitutional and moving forces concerted conduct of all these Defendants.

34.    Mr. Patterson may be permanently disfigured from these injuries.

35.    Mr. Patterson also suffers persisting neurological damage and sequelae from this closed head injury, the extent of which has not yet been fully ascertained.

36.    Plaintiff also continues to suffer ongoing emotional distress, with significant PTSD type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks from being beaten like this.

37.    Plaintiff is also entitled to punitive damages on all of his claims against the individual Defendants personally to redress their willful, malicious, wanton, reckless and fraudulent conduct.

### V.    CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Excessive Force in Violation of the**
**Fourth and Fourteenth Amendments**

38.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

39.    42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

rights, privileges or immunities secured by the constitution and law
shall be liable to the party injured in an action at law, suit in equity,
or other appropriate proceeding for redress . . .

40.     Plaintiff in this action is a citizen of the United States and all of the
individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. §
1983.

41.     All individual Defendants to this claim, at all times relevant hereto, were
acting under the color of state law in their capacity as Baton Rouge police officers and
their acts or omissions were conducted within the scope of their official duties or
employment.

42.     At the time of the complained of events, Plaintiff had a clearly established
constitutional right under the Fourth Amendment to be secure in his person from
unreasonable seizure through excessive force.

43.     Plaintiff also had the clearly established Constitutional right under the
Fourteenth Amendment to bodily integrity and to be free from excessive force by law
enforcement.

44.     Any reasonable police officer knew or should have known of these rights
at the time of the complained of conduct as they were clearly established at that time.

45.     Defendant McDermitt's actions and use of force, as described herein, were
objectively unreasonable in light of the facts and circumstances confronting them and
violated these Fourth Amendment rights of Plaintiff.

46.    Defendant McDermitt's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Mr. Patterson's federally protected rights. The force used by this Defendant officer shocks the conscience and violated these Fourteenth Amendment rights of Plaintiff.

47.    Defendant McDermitt unlawfully seized Mr. Patterson by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Mr. Patterson of his freedom.

48.    The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.

49.    None of the Defendant officers took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking excessive force, and each is therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer.

50.    Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Patterson's federally protected constitutional rights.

51.    Defendants did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

52.    The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

53.     These individual Defendants acted in concert and joint action with each other.

54.     The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

55.     These individual Defendants are not entitled to qualified immunity for the complained of conduct.

56.     The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

57.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

58.     On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his closed head injury, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

59.    In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Malicious Prosecution in violation of the Fourth and Fourteenth Amendments**

60.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

61.    42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

62.    Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

63.    All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Baton Rouge police officers and their acts or omissions were conducted within the scope of their official duties or employment.

64.     At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from malicious prosecution without probable cause under the Fourth Amendment and in violation of due process under the Fourteenth Amendment.

65.     Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

66.     Individual Defendants violated Mr. Patterson's Fourth and Fourteenth Amendment rights to be free from malicious prosecution without probable cause and without due process when they worked in concert to secure false charges against him, resulting in his unlawful confinement and prosecution.

67.     Individual Defendants conspired and/or acted in concert to institute, procure and continue a criminal proceeding for felonious attempt to disarm a peace officer against Mr. Patterson without probable cause.

68.     Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Patterson's federally protected constitutional rights.

69.     The procurement of prosecution against Mr. Patterson for the known to be false allegations of attempting to disarm Officer Middleton were malicious, shocking, and objectively unreasonable in the light of the circumstances.

70.     Those criminal proceedings terminated in Plaintiff's favor. The prosecutor dismissed the charges, reflecting a prosecutorial judgment that the case could not be proven beyond a reasonable doubt.

71.     The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

72.     These individual Defendants acted in concert and joint action with each other.

73.     The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

74.     Defendants are not entitled to qualified immunity for the complained of conduct.

75.     The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in its actions pertaining to Plaintiff.

76.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to

incur further medically or other special damages related expenses, in amounts to be established at trial.

77.    On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his closed head injury, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

78.    In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**THIRD CLAIM FOR RELIEF**
**Violation of 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth and Fourteenth Amendments**

79.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

80.    42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

81.    Plaintiff in this action is a citizen of the United States and Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

82.    The Defendants to this claim at all times relevant hereto were acting under the color of state law.

83.    Plaintiff had the following clearly established rights at the time of the complained of conduct:

      a.  the right to be secure in his person from unreasonable seizure through excessive force, under the Fourth Amendment;

      b.  the right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment;

      c.  the right to exercise his constitutional rights of free speech under the First Amendment without retaliation;

      d.  the right to be free from discrimination by police under the Equal Protection Clause of the Fourteenth Amendment and under 42 U.S.C. § 1981; and,

      e.  the right to be free from malicious prosecution under the Fourth and Fourteenth Amendments.

84.    Defendant Paul and Defendant City knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

85.     The acts or omissions of these Defendants, as described herein, deprived Mr. Patterson of his constitutional and statutory rights and caused him other damages.

86.     The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

87.     Defendants are not entitled to qualified immunity for the complained of conduct.

88.     Defendant Paul and Defendant City were, at all times relevant, policymakers for the City of Baton Rouge the Baton Rouge Police Department, and in that capacity established policies, procedures, customs, and/or practices for the same.

89.     These Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Mr. Patterson's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

90.     Defendant Paul and the Defendant City have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner

amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

91.     In light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

92.     The deliberately indifferent training and supervision provided by Defendant City and Defendant Paul resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendant City and Defendant Paul and were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

93.     As a direct result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial.

94.     On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his closed

head injury, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys'

fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable

by federal law. There may also be special damages for lien interests.

95.     Finally, Plaintiff seeks appropriate declaratory and injunctive relief

pursuant to 42 U.S.C. § 1983 to redress Defendants' above described ongoing deliberate

indifference in policies, practices, habits, customs, usages, training and supervision with

respect to the rights described herein.

### FOURTH CLAIM FOR RELIEF
### Battery

96.     Plaintiff incorporates all of the preceding paragraphs, including the

allegations and photographs in the Introduction as if they were fully set forth again at

this point.

97.     The conduct and actions enumerated above by the defendants constitute

harmful and offensive contact with Plaintiff resulting from acts intended to cause Plaintiff

such a contact, and this constitute a battery upon Plaintiff.

98.     Defendants are liable to Plaintiff for all damage sustained as a result of the

battery committed upon Plaintiff, as detailed hereinabove.

### FIFTH CLAIM FOR RELIEF
### False Arrest and Imprisonment

99.     Plaintiff incorporates all of the preceding paragraphs, including the

allegations and photographs in the Introduction as if they were fully set forth again at

this point.

100.    Defendants' arrest, restraint, and imprisonment of Plaintiff occurred without statutory authority and without any color of legal authority.

101.    Defendants are liable to Plaintiff for all damage sustained as a result of the false arrest and imprisonment of Plaintiff, as detailed hereinabove.

### SIXTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress

102.    Plaintiff incorporates all of the preceding paragraphs, including the allegations and photographs in the Introduction as if they were fully set forth again at this point.

103.    The actions and conduct by defendants as detailed herein was extreme and outrageous, resulted in Plaintiff sustaining severe emotional distress, and was of such a nature that it was substantially certain that such emotional distress would arise from defendants' conduct.

104.    Defendants are liable to Plaintiff for all damage sustained as a result of their extreme and outrageous conduct, as detailed hereinabove.

### VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that there be judgment herein in favor of the plaintiff, MARK PATTERSON, and against defendants, MARSHALL MCDERMITT, MURPHY J. PAUL, JR., and BATON ROUGE POLICE DEPARTMENT, through the CITY OF BATON ROUGE; for a reasonable sum in dollars, together with legal interest from the date of judicial demand until paid, all costs of this proceeding, and granting;

1.    compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

2.    economic losses on all claims allowed by law;

3.    special damages in an amount to be determined at trial;

4.    punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

5.    attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

6.    pre- and post-judgment interest at the lawful rate; and,

7.    any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Date: April 3, 2020

Respectfully submitted,

POOLSON | ODEN

*/s/Daniel J. Poolson, Jr.*
DANIEL J. "DANNY" POOLSON, JR. (No. 30676)
CARISA GERMAN-ODEN (No. 31463)
3000 W. Esplanade Ave., Suite 200
Metairie, Louisiana 70002
Telephone: (504) 766-2200
Facsimile: (504) 766-2070
Danny@PoolsonOden.com
Carisa@PoolsonOden.com

AND

LAW OFFICES OF SIDNEY D. TORRES, III,
A PROFESSIONAL LAW CORPORATION

_s/ ROBERTA L. BURNS_
SIDNEY D. TORRES, III (No. 12869)
ROBERTA L. BURNS (No. 14945) (T.A.)
BEAU F. CAMEL (No. 30231)
VALERIE L. RODRIGUE (No. 37523)
8301 West Judge Perez Drive, Suite 303
Chalmette, Louisiana  70043
Telephone:  (504) 271-8422
Facsimile:  (504) 271-1961
E-mail:        storres@torres-law.com
                   rburns@torres-law.com
                   bcamel@torres-law.com

ATTORNEYS FOR PLAINTIFF